

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-91,997-01 & 91,997-02

### EX PARTE DAVID JOEL DAVIS, JR., Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. CR33223-A & CR33225-A IN THE 253RD DISTRICT COURT FROM LIBERTY COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to evading arrest with a vehicle and felon in possession of a firearm and was sentenced to thirty-five years' imprisonment on each count. He did not appeal his convictions. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his pleas were involuntary, plea counsel was ineffective, and the State failed to disclose material exculpatory evidence. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013); *Brady v. Maryland*, 373 U.S. 83 (1963). Accordingly, the

record should be developed. The trial court is the appropriate forum for findings of fact. Tex. Code Crim. Proc. art. 11.07, § 3(d). The trial court shall order counsel and the prosecutor in Applicant's cases to respond. The prosecutor shall state whether videos from a police officer's body camera and a McDonald's surveillance camera existed and, if so, whether they were disclosed to Applicant before he pleaded guilty. Counsel shall state whether he (1) investigated these videos and, if so, what he determined from his investigation; (2) told Applicant he would be convicted of a "simple felony" in his evading arrest case and explained to him that there would be a deadly weapon finding; and (3) advised Applicant to plead guilty because he was not being paid and did not want to spend any more time on his cases than he had to. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* Tex. Code Crim. Proc. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether (1) trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance; (2) the State failed to disclose material exculpatory evidence before Applicant pleaded guilty; and (3) Applicant's decision to plead guilty was voluntary and knowing after his motion to suppress was denied. Finally, the trial court shall order the Liberty County District Clerk to forward the plea papers in these cases. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from

the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:           January 13, 2021
Do not publish